# IN THE COURT OF APPEALS OF IOWA

No. 14-0844
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAL LOCOTA BASS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J Harris (criminal offense trial) and George L. Stigler (sentencing enhancement trial and sentencing), Judges.

        A defendant appeals his conviction and sentence claiming ineffective assistance of counsel and the imposition of an illegal sentence. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brook Jacobsen, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Sal Locota Bass appeals following his conviction for failure to comply with the sex offender registry, second offense and as an habitual offender, in violation of Iowa Code sections 692A.104(2), 692A.105, 692.111, and 902.8 (2013). On appeal he claims his trial attorney was ineffective when he failed to object to testimony that indicated Bass was not registered in Minnesota or anywhere else in the country after he left his last registered address in Iowa. He claims the testimony was objectionable because it was irrelevant, prejudicial, and in violation of the prior-bad-acts rule. He also claims the district court imposed an illegal sentence when it ordered him to pay a $250 civil penalty. Because we agree the civil penalty was properly imposed for this offense and Bass cannot prove he was prejudiced by the testimony complained of, we affirm his conviction and sentence.

**I. Background Facts and Proceedings.**

In 1998, Bass was convicted of a sex offense in Minnesota. In March 2013, he appeared at the Black Hawk County Sheriff's office to register his address on the sex offender registry as he had recently moved to Iowa. He again appeared in May to register his change of address, as his first address did not comply with the registry requirements. By June, the sheriff's office received information that Bass was no longer living at the registered address. An investigation revealed Bass had moved out of the apartment, was believed to be back in Minnesota, but had not registered a new address in Iowa or any other state's registry. As a result, he was charged with failure to comply with the

registry requirements, second offense. The trial information was later amended to allege Bass was an habitual offender.

After a jury trial, Bass was found guilty of failing to comply with the sex offender registry. There was a separate trial on the second offense and habitual offender enhancements, and the jury returned a guilty verdict in that trial as well. Bass was sentenced to fifteen years in prison with a mandatory minimum of three years, and the court also imposed a $250 civil penalty. Bass now appeals his conviction and sentence.

## II. Scope and Standard of Review.

We review ineffective-assistance-of-counsel claims de novo as the claim implicates the defendant's Sixth Amendment right to counsel. *State v. Gines*, 844 N.W.2d 437, 440 (Iowa 2014). A claim that a court exceeded its jurisdiction or otherwise acted illegally when imposing a sentence is reviewed for correction of errors at law. *State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011).

## III. Ineffective Assistance of Counsel.

Bass claims his attorney should have objected when Special Agent Alan Scholle testified that during his investigation into where Bass was living Scholle,

> contacted the State of Minnesota Bureau of Criminal Apprehension to see if he had registered up there during this number of weeks that had passed from when he had left, and they indicated that they had no registration from him in Minnesota other than the one showing him living in Waterloo at the Easton Avenue address. So they had no updates from him.

Scholle went on to testify:

> And I felt strongly that since he had not reported out of Black Hawk County, and he had allegedly gone to Minnesota and they had no record of him registered up there and nothing on the national public

registry site showing any other addresses for him, that essentially he was non-compliant.  We don't know where he was at this point anymore.

Bass claims he was on trial for failing to notify Black Hawk County officials that he had vacated his residence; he was not on trial for failing to register in Minnesota or anywhere else in the United States.  He thus claims this testimony was not relevant to any issue, was prejudicial, and was inadmissible prior bad acts evidence.

We generally do not address ineffective-assistance claims on direct appeal, preferring to preserve them for postconviction relief in order to fully develop the record and provide counsel an opportunity to respond to the allegations.  *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).  We will consider the merits of an ineffective-assistance claim on direct appeal only where the record is adequate to decide the issue.  *State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015).  We conclude the record is adequate in this case to decide the claim.

In order to prove ineffective assistance of counsel, Bass must show his counsel failed to perform an essential duty and he was prejudiced by this failure.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Both prongs must be proven, and if we conclude either element is lacking, we need not decide the remaining element.  *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).  On the first prong, "we measure counsel's performance against the standard of a reasonably competent practitioner."  *Thorndike*, 860 N.W.2d at 320.  Counsel's competence is presumed.  *Id.*  On the second prong, Bass has to establish

"counsel's errors were so serious as to deprive [him] of a fair trial." *See id*. He must prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.*

In this case, not only did Agent Scholle testify to checking with Minnesota authorities to determine if Bass had registered a new address, but Sergeant Steven Peterson also testified he determined, "[t]hat Mr. Bass had moved from Waterloo. He was no longer at the registered address and that he had registered no other addresses in Black Hawk County, the State of Iowa or anywhere else in the United States that we were able to find." Sergeant Peterson went on to testify:

> I checked a national website and plus I know Agent Scholle had checked with Minnesota because that was some information that he had heard that he may have moved to Minnesota, and I believe he called them directly. But the national website didn't have any—any new addresses listed anywhere in the United States other than the Waterloo, Iowa, address that he had moved from.
> . . . .
> Q. Did Mr. Bass ever register a different address with either your office or any office in the State of Iowa? A. He has not, no.
> Q. To your knowledge any office—registered another address with any office in the United States? A. Not that I'm aware of, no.
> . . . .
> Q. And you testified that you don't know where Mr. Bass went after he vacated that apartment on June 3d; correct? A. Correct.
> Q. Could have been in Waterloo, could have been in Minnesota, could have been in Arkansas. We don't know; right? A. Correct.
> Q. But you do know that he was not living at his one registered address on Logan Avenue; correct? A. Yes. I had nowhere to account for him at.

Q. And nobody could account for him during that timeframe. The DCA agents in Minnesota, DCI agents here in Iowa; nobody could find Mr. Bass. Is that fair to say? A. Yes.

Bass does not claim his attorney was ineffective in failing to object to this testimony from Sergeant Petersen. In addition, there was overwhelming evidence that Bass had moved from the address he had registered and had failed to notify the sheriff's office of the move within five days of vacating. *See* Iowa Code § 692A.104(2). Bass's former landlord testified Bass moved from the registered apartment and received his deposit back on June 3, never to return. When the sheriff's office still had no information regarding Bass's residence as of July 23, charges were filed. Because Bass cannot prove the result of the proceeding would have been different had counsel objected to the testimony from Agent Scholle that he complains of now on appeal, we conclude he cannot prove he suffered prejudice and his ineffective-assistance claim fails.

**IV. Civil Penalty.**

Next, Bass claims the court imposed an illegal sentence when it ordered him to pay a civil penalty in the amount of $250. He first complains that neither the judgment entry nor the sentencing hearing indicated under which code section the penalty was being assessed. We note Iowa Code section 692A.110(2) provides in part, "With respect to a conviction for a public offense committed on or after July 1, 2009, which requires a sex offender to register under this chapter, the offender shall be assessed a civil penalty of two hundred fifty dollars." Bass claims if this is the code section the court relied on, the penalty should not have been assessed because he was not convicted of an

offense "which requires a sex offender to register." The State disagrees claiming the offense Bass was convicted of—failure to comply with the sex offender registry—does require him to register as he must now continue to register for an additional ten years after his prior registration requirements would have expired. *See* Iowa Code § 692.106(4) ("A sex offender who is convicted of violating any of the requirements of this chapter shall register for an additional ten years, commencing from the date the offender's registration would have expired under subsection 1 . . . .").

We agree with the State's interpretation of the applicable code sections. A conviction for failing to comply with the registry requirement requires a sex offender to continue to register for an additional period of time beyond the time his registration requirement would have otherwise expired. *See id.* As such we conclude that conviction qualifies as a public offense requiring a sex offender to register so as to validate the assessment of the $250 civil penalty under section 692A.110(2).

## V. Conclusion.

Because we conclude Bass cannot prove he suffered prejudice as a result of counsel's failure to object to the testimony from Agent Scholle and because the $250 civil penalty was properly assessed in this case, we affirm Bass's conviction and sentence.

**AFFIRMED.**