# IN THE COURT OF APPEALS OF IOWA

No. 16-1029
Filed June 21, 2017

**DEMARKUS W. RUCKMAN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,
Judge.

        DeMarkus Ruckman appeals the district court's denial of his application
for postconviction relief.  **AFFIRMED.**

        Joey T. Hoover of Hoover Law Firm, P.L.L.C., Winterset, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney
General, for appellee State.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged DeMarkus Ruckman with second-degree sexual abuse based on acts he committed on a fifteen-year-old girl. Ruckman pled guilty to third-degree kidnapping and assault with intent to commit sexual abuse.

Ruckman filed an application for postconviction relief, claiming in part that his plea attorney "coerced and misled" him into pleading guilty. The district court denied the application following an evidentiary hearing.

On appeal, Ruckman argues "he was coerced into taking the plea deal." He contends "the State could not have proved that he committed the act of Sex Abuse 2nd degree as he didn't penetrate [the girl] or have sex with her," but "[d]espite the above facts Trial Counsel advised [him] that she did not think she could win at trial." In his view, "[h]ad [counsel] been more confident and enthusiastic about the case he would have [gone] to trial because he had a good case to go to trial."

A guilty plea "waives all defenses not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant can "challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *Id.* at 642. This is the crux of Ruckman's argument. To prevail, he must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If we conclude Ruckman "has failed to establish either of these elements, we need not address the remaining element." *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015). We elect to focus on the breach prong.

Ruckman's attorney testified by deposition about the viability of the State's charge of second-degree sex abuse. She acknowledged Ruckman's belief that "he had to have a full sexual intercourse with somebody for it to be sex abuse" but stated "that's not the way the law is written and it's not the way the law is interpreted." She testified, "Sexual contact is defined differently in the law than what . . . Mr. Ruckman believed." She discussed the difference with Ruckman. Based on her investigation of the facts, which included a deposition of the girl Ruckman was charged with abusing, she concluded Ruckman would "likely . . . be convicted of a sex offense" if he proceeded "to trial in front of a jury" and "he was better off taking the plea agreement as it was."

Ruckman's attorney admirably assessed the law and the facts on Ruckman's behalf. She correctly disabused Ruckman of the notion that he could not be found guilty of sexual abuse without penetration of his penis into the girl's vagina. In pertinent part, sexual abuse is defined as "[a]ny sex act between persons . . . when the act is performed with the other person . . . by force or against the will of the other. Iowa Code § 709.1 (2015). "Sex act," in turn, means several things, including "[p]enetration of the penis into the vagina" but also including "[c]ontact between the mouth and genitalia." *Id.* § 702.17(1), (2). During her deposition, the abused girl stated Ruckman was "[n]ot really" able to put his penis inside her vagina, but he did have her "suck his penis." As his attorney concluded, this testimony suggested the State would be able to prove the commission of a sex act by Ruckman if he went to trial on the second-degree sexual abuse charge.

Ruckman's attorney acted competently in apprising Ruckman of "what we believe the facts will be at trial" and "the risks and the benefits" of pleading guilty. On our de novo review, we find scant if any evidence that she coerced Ruckman into entering a guilty plea to third-degree kidnapping and assault with intent to commit sexual abuse in lieu of going to trial on a charge of second-degree sexual abuse. To the contrary, she gave Ruckman all the information he needed to make an informed decision about whether to go to trial or accept the plea offer. Ruckman accepted the offer and, in the attorney's recollection, "never" expressed a desire "to back out of the deal."

We affirm the district court's denial of Ruckman's postconviction relief application.

**AFFIRMED.**