# IN THE COURT OF APPEALS OF IOWA

No. 14-1825
Filed March 9, 2016

**DAVID ALAN MCCULLOUGH,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Humboldt County, William C. Ostlund, Judge.

An applicant appeals the district court's dismissal of his application for postconviction relief.  **AFFIRMED.**

Douglas E. Cook of Cook Law office, Jewell, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

David McCullough was convicted of second-degree sexual abuse by a jury in October 2011. His conviction was affirmed on appeal by this court. *See State v. McCullough*, No. 11-1949, 2012 WL 5541238, at *1 (Iowa Ct. App. Nov. 15, 2012). He filed an application for postconviction relief (PCR) in May 2015, raising four challenges to his conviction. After a hearing, the district court denied McCullough's PCR claim. He appeals that denial, claiming the district court should have granted his application because his trial counsel provided ineffective assistance when counsel failed to object to what he claims were leading questions posed to the child victim.[1]

In denying this assertion, the PCR court noted McCullough's ineffective-assistance claim fails because McCullough was not able to point to any particular prejudice he suffered as a result of counsel's failure to object nor did he demonstrate the result of the criminal trial would have been different. Upon our de novo review, we agree with the PCR court that even if we assume counsel breached an essential duty by failing to object to leading questions, McCullough

---

[1] The PCR court noted there were roughly thirty-eight questions posed to the victim that called for a yes or no answer before defense counsel objected at the criminal trial. On appeal, McCullough cites to three questions as being leading: "You stated that Mr. McCullough touched your vagina; correct?"; "Did he lick your private parts as well?"; and "Did he stop when you woke up?" A leading question is one that "assumes any fact which is in controversy, so the answer may really or apparently admit that fact." *Giltner v. Stark*, 219 N.W.2d 700, 713 (Iowa 1974). "A question is objectionable as leading, when it suggests the answer to it, and not when it merely directs the attention of the witness to the immediate subject with reference to which he is interrogated." *Pelamourges v. Clark*, 9 Iowa 1, 18 (1859). On our de novo review, we find the second and third questions are not leading but simply call for a yes or no answer. A question is not leading just because it can be answered with a yes or a no. Question one, read in context, was a clarification of terminology. The victim had testified she awoke to McCullough touching her "down in her privates," and the prosecution was clarifying that the victim meant her vagina when she was referring to her "privates."

has failed to prove the requisite prejudice. *See State v. Thorndike*, 860 N.W.2d 316, 319–20 (Iowa 2015) (noting we review ineffective-assistance claims de novo and that a claimant must prove counsel failed to perform an essential duty and that this failure resulted in prejudice). McCullough must affirmatively demonstrate by a preponderance of the evidence that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 320. In the criminal trial, the victim's testimony was corroborated by McCullough's own statements to investigators. *See McCullough*, 2012 WL 5541238, at *5.

> McCullough admitted he was in her room on the night in question. [The victim] reported the abuse to her mother the same night. McCullough left the house for two weeks because of the girl's allegations. When confronted almost two years later by investigators, McCullough recalled his immediate reaction to [the victim's] protestations that night was to apologize and say he thought she was her mother. He also told investigators he could not deny the sexual contact occurred.
> . . . The mother confirmed she dissuaded her daughter from talking about the abuse outside of the family, telling [the victim]: "[I]t's nobody else's business."

*Id.* Even if trial counsel had objected to the questions posed to the victim and the court had sustained objections, requiring the State to rephrase the questions propounded, McCullough failed to prove that the result of the trial would have been different. We therefore affirm the district court's denial of McCullough's PCR application.

**AFFIRMED.**