# IN THE COURT OF APPEALS OF IOWA

No. 16-0240
Filed November 23, 2016

**JOSHUA KENYADA WEATHERSPOON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, James A. McGlynn, Judge.

Joshua Weatherspoon appeals the district court's denial of his postconviction-relief application. **AFFIRMED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A jury found Joshua Weatherspoon guilty of second-degree robbery, first-degree theft, two counts of forgery, and two counts of unauthorized use of a credit card. This court affirmed his judgment and sentence. *See State v. Weatherspoon*, No. 13-1528, 2015 WL 161943, at *5 (Iowa Ct. App. Jan. 14, 2015).

Weatherspoon filed a postconviction-relief application raising several claims. The district court denied the application following a hearing. On appeal, Weatherspoon challenges his attorney's performance on cross-examination of a witness who knew Weatherspoon and identified him on surveillance video. He argues his attorney was ineffective in failing to impeach the witness with jailhouse audio recordings of conversations the witness had with Weatherspoon.

Weatherspoon must establish the breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court concluded Weatherspoon could establish neither:

> The applicant complains that trial counsel failed to vigorously pursue impeachment evidence using a recorded phone conversation simply because there were some technical difficulties. This was [a] matter of trial strategy. As the Court understands it, the recorded phone conversations were calls made by the defendant from the Story County Jail, mostly to [the witness]. The phone conversations were problematic for several reasons. Trial counsel objected to the State's use of the phone calls because of prejudicial inferences the jury might draw if the jury learned the defendant was in jail and that he was unable to secure his release from jail. There were also concerns that some of the phone conversations could be interpreted as efforts made by the defendant to influence the testimony of [the witness]. Any statements made by the applicant would at best be self-serving and at worst could be incriminating. Under the circumstances the Court FINDS it was a fair exercise of trial strategy to decide that the recorded conversations were not helpful to the applicant. The

> applicant has failed to show how he was prejudiced. The Court FINDS the applicant has failed to meet his burden of proof on this point and that this point must . . . be denied.

Our review is de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

Weatherspoon testified the recordings would have painted a different picture of him than the witness painted at trial. In his view, the witness' friendliness towards him as reflected in the recordings would have rendered her hostile trial testimony less believable.

Weatherspoon's attorney disagreed. She acknowledged an initial attempt to play some of the recordings. When technical difficulties stymied her efforts, she decided not to use them. She testified the impeachment value of the nineteen hours of recordings was not "spot on" and use of the recordings would have proven to be impractical and ineffectual.

We conclude Weatherspoon's trial attorney exercised reasonable trial strategy in deciding not to impeach the witness with the recordings. Accordingly, we affirm the denial of Weatherspoon's postconviction-relief application.

**AFFIRMED.**