**IN THE COURT OF APPEALS OF IOWA**

No. 16-1120
Filed July 6, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**WILLIAM MARQESS CASTON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

William Caston appeals from his conviction for rioting. **AFFIRMED.**

Bradley T. Boffeli of Boffeli & Spannagel, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

William Caston appeals from his conviction for rioting, in violation of Iowa Code section 723.1 (2013). He asserts trial counsel was ineffective for failing to object to the admission of security-camera video on the grounds of foundation and authentication. Caston has failed to establish counsel was ineffective, and we affirm.

In the late hours of December 31, 2012, and early January 1, 2013, Officers Thomas Frein, Jamie Sullivan, and Edward Savage of the Waterloo Police Department responded to a report of a large fight inside and outside of a bar in Waterloo, Iowa. When the officers arrived, they were told by the bar's security personnel there were individuals fighting inside the bar. The officers went inside and saw a large group of people fighting, tables and chairs overturned, and pool cues out of place. Officer Frein testified he had "never seen anything like it." The officers engaged the people fighting, and Officer Savage was struck with a bar stool. No arrests were made at the time.

The officers subsequently retrieved and reviewed security camera video from the bar for the evening and morning in question. Four different cameras provided footage of the interior of the bar. The officers were in the video footage. While reviewing the video, the officers recognized Caston and his associates as being engaged in the fighting. Caston was charged with rioting.

The defense filed a motion in limine to exclude the witnesses from identifying Caston as being depicted on the video. The defense also objected to the admission of the video at trial. The motions were overruled.

At trial, Officer Frein testified he reviewed the security-video footage, he was personally present in portions of the security-video footage, and it accurately portrayed the events recorded. Officer Savage testified he was familiar with Caston and Caston's associates, and stated he recognized Caston engaged in fighting behavior in the video.

The jury found Caston guilty as charged. Caston appeals.

Caston claims trial counsel was ineffective for failing to object to the admission of security-camera video on the grounds of foundation and authentication.

We review ineffective-assistance-of-counsel claims de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). In order to succeed on a claim of ineffective assistance of counsel, Caston must prove: (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Ineffective-assistance-of-counsel claims are resolved on direct appeal only when the record is adequate. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

Caston argues trial counsel's objections to the video were on grounds other than foundation and authentication. He also argues for the video to be admissible, there must have been testimony from a person at the bar that evening who witnessed both Caston fighting and Officer Frein's presence in the video. Caston argues there was no testimony showing Officer Frein and Caston were in the same video at the same time and no testimony Officer Frein personally witnessed Caston engage in a riot.

The State asserts any foundational objection would have been overruled because Officer Frein's testimony sufficiently established foundation for admission. We find the State has the better position.

"[W]here there is presented satisfactory evidence of the integrity of the motion picture film's portrayal," the foundational requirements have been met. *State v. Deering*, 291 N.W.2d 38, 40 (Iowa 1980). "This is because ample protection against film falsification or misrepresentation lies in the requirement of preliminary proof that the picture projected from the film be an accurate reproduction of the event which it depicts and in the opportunity for cross-examination of the witness providing such proof." *Id.* at 41. In *Deering*, our supreme court stated, "When, as here, a witness to the event purportedly depicted by the film testifies that the film accurately portrays that event, a foundation has been established upon which the trial court, in the exercise of its sound discretion, may admit the film into evidence." *Id.* at 40. This same scenario is present in Caston's case.

Here, an officer who had been at the scene was able to testify the video accurately portrayed the scene. We acknowledge the officer and the defendant were not on the same video at the same time, but it is significant that both the officer and the defendant were at the scene at the same time and the officer was able to testify that the videos accurately depicted what he observed. Thus, the foundation necessary to show the videos were an accurate representations of what they purported to portray was satisfied.

We conclude an adequate foundation was presented to allow the videos' admission, and thus the issue of whether there was sufficient evidence to support

the conviction without the video evidence need not be addressed. Further, "[w]e will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). We affirm.

**AFFIRMED.**