# IN THE COURT OF APPEALS OF IOWA

No. 17-0101
Filed August 2, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CAIN M. HENDRICKSON,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.

Defendant appeals claiming district court relied on improper information in sentencing. **AFFIRMED.**

Dylan J. Thomas, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Zachary C. Miller, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Cain Hendrickson pled guilty to operating while intoxicated (OWI). The court sentenced him to 180 days in the county jail, with all but twenty days suspended, plus a fine and other applicable provisions. Hendrickson appeals, arguing the district court abused its discretion and considered improper factors when sentencing him. Specifically, he claims (1) the court improperly considered an allegation of the use of bath salts[1] in the minutes of testimony, (2) his counsel provided ineffective assistance in failing to deny the admission of his use of bath salts, (3) the statements in the minutes of testimony attributed to his use of bath salts did not meet the requirements for an admission exception, (4) the court improperly considered unproven juvenile offenses, and (5) the court relied on prior offenses referenced in his substance-abuse evaluation.

The State charged Hendrickson by trial information with OWI, alleging one or more of three ways in which he committed the offense: he operated a motor vehicle while (1) "under the influence of an alcoholic beverage or other drug or a combination of such substances," (2) "having an alcohol concentration of .08 or more," or (3) "any amount of a controlled substance is present in the person, as measured in the person's blood or urine." Iowa Code § 321J.2(1) (2016). He pled guilty to OWI in writing and agreed "the Court may . . . rely upon th[e] minutes [of testimony] as a factual basis for this guilty plea." The transcript of the record at sentencing shows the court accepted the written guilty plea and Hendrickson did nothing to try to limit his plea to alcoholic beverages or any

---

[1] "Bath salts" is a reference to illegal synthetic drugs. *See* Iowa Code §§ 124.406(6)(i), 124.401; Jake Schaller, *Not for Bathing: Bath Salts and the New Menace of Synthetic Drugs*, 16 J. Health Care L. & Pol'y 245, 268 (2013).

particular substances as the source of his intoxication, and the court did nothing to indicate that, for the factual basis for the plea, it was limiting its consideration of the evidence to only alcohol or other specified substances.

The minutes of testimony recited facts upon which the court could have relied to establish the factual basis for the plea under any of the alleged alternatives.  *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).  The lab results showed Hendrickson's blood alcohol level was 0.198 and he was positive for THC.  The district court considered Hendrickson's admission to law enforcement and hospital personnel that he consumed alcohol and used bath salts prior to the accident, which had resulted in law enforcement intervention and Hendrickson's eventual hospitalization and arrest.  Hendrickson also made statements both in the ambulance and at the hospital concerning his long-term use of bath salts.  In its sentencing order, the district court indicated it considered those facts and the contents of his substance-abuse evaluation, indicating marijuana use since he was thirteen years old, alcohol use since he was seventeen, and mental-health issues.

A sentencing court is required to consider "all pertinent information" and to determine a sentence that "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community."  Iowa Code § 901.5.  The rules of evidence—except for those on privilege—do not apply to sentencing proceedings.  Iowa Ct. R. 5.1101(c)(4).  The substance-abuse evaluation was required by statute.  Iowa Code § 321J.2(7)(a).  Here, the contents of the substance-abuse evaluation report were prepared for the purpose of showing the history and pattern of substance abuse, and to determine

recommended treatment. From our reading of the sentencing order, the court considered pertinent information, not as criminal history information or allegations of other crimes, but as indicative of Hendrickson's need for rehabilitation based on his long-term substance abuse. The court then structured a sentence designed to provide what the court considered as maximum opportunity for rehabilitation and for protection of the community. We find no abuse of discretion and no error in the court's consideration of the statutorily required report.

Based on the foregoing, we also determine that counsel's conduct did not fall below professional standards by failing to object to the court's consideration of the facts admitted by Hendrickson, those fairly considered by the court in finding a factual basis for the plea, and those contained in the required substance-abuse evaluation. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (requiring that, in order to succeed on a claim of ineffective assistance of counsel, a defendant must show "by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice'"); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**AFFIRMED.**