# IN THE COURT OF APPEALS OF IOWA

No. 17-1463
Filed July 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFERY E. TYLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Lucy J. Gamon, Judge.

A defendant appeals his convictions for domestic abuse assault by strangulation causing bodily injury and domestic abuse assault causing bodily injury. **AFFIRMED.**

Robert E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Jeffery Tyler appeals his convictions following a jury trial for domestic-abuse assault by strangulation causing bodily injury in violation of Iowa Code section 708.2A(5) (2016) and domestic-abuse assault causing bodily injury in violation of section 708.2A(1) and (2)(b).  On appeal, Tyler argues the district court erred by preventing him from arguing self-defense and he received ineffective assistance of counsel.

In May 2016, Tyler and his live-in girlfriend got into an argument.  The evidence at trial was that Tyler punched the complaining witness five or six times in the chest, eye, and face.  Tyler choked the complaining witness until she struggled to breathe.  Tyler and the complaining witness fell to the ground and then fell down some steps.  The complaining witness was eventually able to break free, grab her keys, run to her car, and drive to the police station.

Tyler was charged in June 2016.  In June 2017, a jury convicted Tyler of domestic-abuse assault by strangulation causing bodily injury and domestic-abuse assault causing bodily injury.  Tyler filed a pro se motion for a new trial arguing there was insufficient evidence to support the conviction, there was newly discovered evidence, and that he received ineffective assistance of counsel.  Tyler withdrew the motion at sentencing, and he received a term of imprisonment for each count, to run concurrently.  Tyler appeals his convictions.

Tyler argues the district court erred when it refused to allow him to present a defense of self defense despite his failure to give notice.  Tyler claims on appeal he was entitled to present evidence of self defense by his own testimony according

to Iowa Rule of Criminal Procedure 2.11(11)(d) and that he has a constitutional right to assert self-defense. At trial, the district court ruled:

> The second issue is whether self-defense comes in at all in this case. I will not allow any further mention of self-defense unless the defendant can show to the Court where a notice of intent to rely on that as a defense was filed, as required by Iowa Rule of Criminal Procedure 2.11(11)(c).

Tyler did not object to the court's ruling at the time it was made, nor did he claim in his motion for a new trial the ruling was error. Tyler's arguments that the court's ruling is contrary to Iowa Rule of Criminal Procedure 2.11(11)(d) and his constitutional rights are being made for the first time on appeal. Issues must be presented to and ruled upon by the trial court before they can be raised and decided on appeal. *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998). Tyler failed to preserve error on this issue.

Next, Tyler argues he received ineffective assistance of counsel. Tyler argues his counsel was ineffective for failing to file a notice of intent to rely on self defense pursuant to Iowa Rule of Criminal Procedure 2.11.(11)(c), failing to present evidence or make an offer of proof regarding a photo of Tyler with scratches to support his self-defense claim, and failing to object to the district court's ruling prohibiting Tyler from presenting a defense of self defense.

Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). "[C]laims of ineffective assistance of counsel raised on direct appeal are ordinarily [p]reserved for postconviction proceedings to allow full development of the facts surrounding counsel's conduct." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). Only in rare cases will the trial record alone be sufficient to resolve the claim. *Id.* "We may either decide the

record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings." *State v. Jentz*, 853 N.W.2d 257, 267 (Iowa Ct. App. 2013). Preserving a claim of ineffective assistance is particularly important "where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). Accordingly, we preserve Tyler's ineffective-assistance claims for a possible postconviction proceeding to allow full development of the record.

**AFFIRMED.**