# IN THE COURT OF APPEALS OF IOWA

No. 17-0898
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN LEE STOCKBAUER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


        A defendant appeals his convictions for operating while intoxicated and

possession of methamphetamine.  **AFFIRMED.**


        Thomas A. Hurd of Glazebrook & Hurd, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

A jury found Ryan Stockbauer guilty of operating while intoxicated (OWI) and possession of a controlled substance. On appeal, Stockbauer contends his trial counsel was ineffective for failing to object to alleged prosecutorial error or misconduct in the form of (1) voir dire questions, (2) opening and closing statements, and (3) photographic exhibits—all intended to "inflame the passions" of the jurors. Because the record is not adequate to decide whether counsel followed a reasonable strategy in not objecting, we affirm the convictions but preserve Stockbauer's ineffective-assistance claims for possible postconviction-relief proceedings.

## I. Facts and Prior Proceedings

In the early morning hours of August 3, 2016, Des Moines police investigated the crash of a pickup truck into a tree at a T intersection. When Officer Lucas Kramer arrived, he saw Ryan Stockbauer crawling out of the driver-side window. Two other passengers suffered injuries requiring attention at the hospital. Officer Kramer testified the heavy front-end damage to the truck was "consistent with a high speed of travel." In his brief conversation with Stockbauer, the officer detected signs of intoxication, including unsteady balance, the smell of alcoholic beverages, and bloodshot watery eyes.[1] The officer asked how much Stockbauer had to drink, and Stockbauer answered, "I'm alright." The officer repeated the question, and Stockbauer replied, "A beer or something."

---

[1] At the scene, the officer did not realize Stockbauer had one prosthetic eye but testified at trial that Stockbauer's natural eye was bloodshot and watery.

Stockbauer told a second officer, Benjamin Ihde, the truck had bad brakes. During their conversation, Stockbauer denied consuming alcohol, but Officer Ihde noticed Stockbauer had slurred speech and was "swaying in his stance." The officer conducted the horizontal gaze nystagmus (HGN) field sobriety test and observed two out of six indicators of intoxication.[2] Stockbauer refused a preliminary breath test. The officer did not perform any additional field sobriety tests because Stockbauer began complaining of injuries. Officer Ihde transported Stockbauer to the hospital where a nurse discovered a small baggie containing methamphetamine concealed in the waistband of Stockbauer's underwear. The officer then read Stockbauer the implied consent advisory, and Stockbauer refused to submit to chemical testing.

The State charged Stockbauer with possession of a controlled substance and OWI. The case proceeded to a jury trial. Stockbauer points to several actions by the State during trial that he now deems objectionable. First, the assistant county attorney probed potential jurors about their "personal experience, either yourself or a loved one," with controlled substances. In response, several potential jurors discussed the devastating effect methamphetamine has had on their lives and families. Second, during the State's opening statement, the assistant county attorney spent time describing the passengers' injuries, saying the female passenger appeared to be "in dire straits" before she was "rushed" to the hospital. Third, the State offered sixteen photographs of the crash scene, some showing the truck's deployed airbags and blood-stained seats. Fourth, in closing argument, the

---

[2] The officer testified field-sobriety training manuals do not address whether the HGN should be administered differently for a person with only one eye.

assistant county attorney returned to a photographic exhibit depicting the crash scene, telling the jurors:

> There's the house. There's the tree. This is a residential neighborhood that this defendant ended up crashing in. It's at night. People are at home. Kids are in bed. Adults are in bed. Otherwise good citizens who are sleeping before they go to work in the morning or resting and minding their own business.

The jury found Stockbauer guilty on both counts. He now appeals, contending his trial attorney was ineffective in not lodging objections to the prosecutor's attempts to arouse the passions of the jurors.[3]

## II. Analysis

Stockbauer complains his attorney should have objected to several instances of prosecutorial error or misconduct.[4] Assuming without deciding the prosecutor's actions—either separately or cumulatively—could be viewed as error or misconduct, we believe Stockbauer's complaints would be better settled through postconviction relief (PCR).[5] We ordinarily reserve ineffective-assistance claims for PCR proceedings so the parties may develop the record. *See State v.*

---

[3] We review ineffective-assistance-of-counsel claims de novo. *See State v. Henderson*, 908 N.W.2d 868, 874 (Iowa 2018). To prevail, Stockbauer must prove by a preponderance of the evidence that counsel breached an essential duty resulting in actual prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[4] Our supreme court recently drew a distinction between misconduct and less egregious missteps by a prosecutor. *State v. Schlitter*, 881 N.W.2d 380, 394 (Iowa 2016). Prosecutorial misconduct means an intentional violation of "a clear and unambiguous obligation or standard imposed by law, applicable rule or professional conduct," as well as reckless disregard of a duty to comply with an obligation or standard. *Id.* (citation omitted). Prosecutorial error covers instances of "poor judgment," "mistake," and "excusable human error, despite the use of reasonable care." *Id.* (citation omitted).

[5] The State argues Stockbauer cannot show *Strickland* prejudice because the evidence of his guilt was overwhelming. While the State offered substantial evidence Stockbauer was driving the truck while under the influence of alcohol or drugs, with abbreviated field sobriety testing and no chemical testing, we cannot find the evidence was so strong as to preclude a finding of prejudice.

*Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).  We will resolve the claims on direct appeal only when the record is adequate.  *Id.*

Here Stockbauer's trial counsel should be given the chance to explain the failure to object to the prosecutor's voir dire questions, the opening statement, the proffer of multiple accident-scene photographs, and the closing arguments. "There are potential strategic considerations in not lodging an objection, such as a desire to avoid drawing the jury's attention to a particular remark or line of questioning."  *See State v. Houston*, No. 16-2155, 2018 WL 1099085, at *5 (Iowa Ct. App. Feb. 21, 2018).  Because we find the record inadequate to address Stockbauer's claims, we preserve them for possible PCR proceedings.  *See id.*

**AFFIRMED.**