# IN THE COURT OF APPEALS OF IOWA

No. 17-1776
Filed October 10, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**ROBERT ALEJANDRO ESPARZA,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Odell G. McGhee and William A. Price (sentencing), District Associate Judges.

　　　A defendant appeals his conviction for driving while his license was denied or revoked. **AFFIRMED.**

　　　John C. Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

　　　Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

A jury found Robert Esparza guilty of driving while revoked. On appeal, Esparza contends his trial counsel was ineffective for failing to move to suppress statements he made during an alleged custodial interrogation before police gave him the *Miranda* warning.[1] Because the record is inadequate to decide this issue, we affirm Esparza's conviction but preserve his ineffective-assistance claim for possible postconviction-relief proceedings.

## I.    Facts and Prior Proceedings

In March 2017, a Kum & Go convenience store clerk called West Des Moines police to report "an unwanted guest" disrupting business. When Officer Kyle Slifka arrived, he saw Robert Esparza standing near the cash register, "eating a bag of Cheetos." Officer Slifka noticed Esparza "was missing his mouth trying to get the Cheetos," leaving telltale orange crumbs "all over his shirt." As the officer spoke to Esparza, he detected signs of intoxication, including slurred speech, the smell of alcoholic beverages, confusion, and unsteady balance.[2] The officer asked Esparza, "How did you get here?" Esparza pointed to his car and said, "I drove here."

After Esparza's admission, the two went outside and stood by Esparza's car. Officer Slifka asked Esparza more questions to learn "what exactly was going on," but he "[n]ever really got any clear-cut answer." The officer ran a computer check of Esparza's driver's license and discovered it was revoked.

---

[1] In *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), the Supreme Court determined suspects must be advised of their rights under the Fifth and Fourteenth Amendments before being interrogated in a custodial setting.
[2] Esparza later refused a preliminary breath test.

The State charged Esparza with driving while revoked in violation of Iowa Code section 321J.21 (2017). The case proceeded to a jury trial. On September 18, Esparza's attorney moved in limine to exclude "[a]ny evidence regarding defendant's statement that he drove on the date of his arrest." Counsel elaborated in a supplemental motion in limine filed September 24, "Since arrest had occurred, or was about to occur, the officer was required to inform the defendant of his Constitutional rights pursuant to *Miranda*," and because Esparza "was not informed of his Constitutional rights[, the] statements he made to the investigating officer [are] not admissible in this case." Trial began September 25. The State resisted the *Miranda* claim as untimely, asserting Esparza should have filed a motion to suppress. The court agreed and denied the limine motion.[3]

The jury found Esparza guilty. He now appeals, contending his attorney was ineffective in failing to file a timely motion to suppress the challenged statements.

## II.    Analysis

Esparza claims his attorney was ineffective for failing to timely move to suppress statements he made to Officer Slifka before receiving *Miranda* warnings. We ordinarily reserve ineffective-assistance claims for postconviction proceedings so the parties may develop the record. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We will resolve the claims on direct appeal only when the record is adequate. *Id.*

---

[3] The court explained: "I haven't heard testimony. I have no idea if the defendant was under arrest at the time."

Here, Esparza admits "the record as it exists is too sparse" to evaluate trial counsel's performance and any resulting prejudice. The State responds: "Postconviction relief is the appropriate forum for such endeavors."[4] Like the parties, we conclude additional record is necessary to address Esparza's allegations against counsel.

A postconviction hearing would provide Esparza's trial counsel the chance to explain his decision to raise the exclusion claim in a motion in limine rather than a motion to suppress and to "defend against the charge." *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). The record is also undeveloped "as to any prejudice which may or may not have resulted from trial counsel's actions." *See State v. Shanahan*, 712 N.W.2d 121, 143 (Iowa 2006). Because the trial record lacks the details needed to address Esparza's claim, we preserve it for possible postconviction proceedings. *See id.*

**AFFIRMED.**

---

[4] The State argues in the alternative that the available record strongly weighs against finding the interview was custodial.