**IN THE COURT OF APPEALS OF IOWA**

No. 17-1887
Filed December 19, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MISTY KAYE SPOONER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook K. Jacobsen, District Associate Judge.

A defendant appeals her conviction for assault causing bodily injury. **AFFIRMED.**

Shawn C. McCullough of Powell & McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

A jury found Misty Spooner guilty of assault causing bodily injury after she punched another woman, B.T., in the mouth, knocking out a tooth. On appeal, Spooner contends her trial counsel was ineffective in his cross-examination of B.T. Because the record is inadequate to decide this issue, we affirm Spooner's conviction but preserve her ineffective-assistance claim for possible postconviction-relief proceedings.

A few facts frame the issue. B.T. celebrated a friend's birthday in August 2016 by tubing with friends on the Cedar River. The twenty somethings drank cans of light beer and sipped Fireball, a cinnamon whiskey. That evening they returned to the house of the birthday celebrant where more acqaintances—including Spooner—joined the party. But the party degenerated into a series of drunken brawls. To break up the fights, one of the residents grabbed "bear mace" and "just started spraying it everywhere." The mace hit B.T. in the face, burning her eyes. B.T. recalled, "Everything I could see just slowly faded." B.T. believed she "blacked out" and was kicked or hit on the ground.

When B.T. "came back to consciousness" she realized Spooner was sitting on top of her, punching her in the face. Spooner's blows knocked out B.T.'s tooth.

On cross-examination, B.T. admitted she was initially reluctant to ask the sheriff to charge Spooner with a crime because B.T. wasn't "one-hundred percent sure" what happened right before she blacked out. B.T. acknowledged telling the sheriff it was possible she struck Spooner first—which supported Spooner's claim of self defense. But the jury rejected Spooner's defense and returned a guilty verdict.

In this appeal, Spooner alleges her trial attorney was remiss in not effectively impeaching B.T. during that cross-examination. She contends her attorney breached a material duty by not asking "relevant follow-up questions" about B.T.'s "proclivity to blacking out while fighting." Because Spooner's claim invokes the Sixth Amendment, our review is de novo. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017). We ordinarily preserve ineffective-assistance claims for postconviction proceedings so the parties may develop the record. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We will resolve the claims on direct appeal only when the record is adequate. *Id.*

This case falls into the more common category where preservation is necessary. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). A postconviction hearing would provide Spooner's trial counsel the chance to explain his strategy in cross-examining B.T. and to "defend against the charge." *Id.* The record is also undeveloped "as to any prejudice which may or may not have resulted from trial counsel's actions." *See State v. Shanahan*, 712 N.W.2d 121, 143 (Iowa 2006). Because the trial record lacks the details needed to address Spooner's claim, we preserve it for possible postconviction proceedings. *See id.*

**AFFIRMED.**