# IN THE COURT OF APPEALS OF IOWA

No. 19-0794
Filed June 17, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CALVON DESMOND MILES,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

The defendant appeals from his convictions for willful injury causing bodily injury and carrying weapons. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GREER, Judge.**

Calvon Miles appeals from his convictions for willful injury causing bodily injury and carrying weapons. Miles contends he received ineffective assistance from trial counsel when counsel failed to object to the marshalling instruction for willful injury causing bodily injury, which did not include all of the necessary elements.[1]

Here, the jury was instructed that to find Miles guilty of willful injury causing bodily injury, the State had to prove all of the following:

> 1. On or about the 25th day of September, 2018, [Miles] shot Aaron Stanley with a firearm.
> 2. [Miles] specifically intended to cause a serious injury to Aaron Stanley.
> 3. Aaron Stanley sustained a bodily injury.

Miles maintains his counsel should have objected to the third element, which required the jury to find only that Aaron Stanley *sustained* a bodily injury without finding Miles was the person who *caused* that bodily injury. In *State v. Schuler*, 774 N.W.2d 294, 298–99 (Iowa 2009), our supreme court reversed the defendant's conviction for this same issue. There, the court concluded "sustained" and "caused" are not synonymous and, under the facts in that case, it was possible the

---

[1] Judgment was entered against Miles on April 23, 2019, so the amended Iowa Code section 814.7 (2019) does not preclude him from raising this claim of ineffective assistance on direct appeal. *See State v. Damme*, ___ N.W.2d ___, ___, 2020 WL 2781465, at *3 n.1 (Iowa 2020) (noting "the 2019 amendments to Iowa Code sections 814.6 and 814.7 do not apply retroactively to direct appeals from a judgment and sentence entered before the statute's effective date of July 1, 2019" and "reiterat[ing] that date of the *judgment* being appealed controls the applicability of the" amended code sections); *see also* Iowa Code § 814.7 (requiring defendants to raise claims of ineffective assistance of counsel in application for postconviction relief rather than on direct appeal).

jury convicted the defendant without finding the defendant was the cause of the victim's bodily injury. *Schuler*, 774 N.W.2d at 298–99.

The procedural history is different here. Unlike in *Schuler*, Miles's attorney did not object to the jury instruction at trial, which is why Miles brings his claim as one of ineffective assistance. In order to succeed on his claim, Miles has to establish both that counsel breached an essential duty in not objecting to the instruction and also that Miles was prejudiced as a result. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015); *see also State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008) ("We have made it clear that ineffective-assistance-of-counsel claims based on failure to preserve error are not to be reviewed on the basis of whether the claimed error would have required reversal if it had been preserved at trial.").

In response to Miles's *Schuler* analysis, we note important distinctions in the facts of this case and those in *Schuler*. In *Schuler*, there was a violent altercation involving multiple persons, any one of which could have caused the victim's injuries, as there was conflicting evidence as to who hit the victim and in what manner. 774 N.W.2d at 298. Therefore, it was possible the jury could have found the defendant assaulted the victim without finding that assault caused the victim's bodily injury. *Id.* at 299. There, the court could not assume "the jury necessarily made an implicit finding on the causation issue." *Id.*

But here, there was no evidence of more than one actor. Stanley was talking to his cousin's girlfriend when one man walked toward Stanley and started yelling about Stanley owing him money. The girlfriend then watched as Stanley and the man started walking away together. A few minutes later, the girlfriend

heard gunshots and, within another couple minutes, Stanley reappeared with one gunshot to his leg. Stanley's version of who shot him has changed—sometimes naming Miles, sometimes accusing someone of a race different than Miles, sometimes suggesting he does not know who shot him but knows it is not Miles— but he has never suggested it was more than one person.[2] Additionally, a neighbor's surveillance camera captured Stanley walking with one man—a man who multiple witnesses identified as Miles and the girlfriend identified as the man who walked up yelling. Stanley and the man identified as Miles are the only two people caught on the camera immediately before gunshots rang out and Stanley was hit.

Under these facts, the jury's finding that Miles shot Stanley with a firearm (element 1) and Stanley sustained an injury (element 3) is tantamount to finding Miles caused Stanley's bodily injury. So Miles cannot establish he was prejudiced by counsel's failure to object to the instruction. *See, e.g.*, *State v. Boruch*, No. 14-1757, 2016 WL 4801325, at *3 (Iowa Ct. App. Sept. 14, 2016) (concluding the defendant could not establish he was prejudiced when counsel failed to object to the same jury instruction because of "the victim's eye-witness account, statements made by Boruch at the time of arrest, and other overwhelming evidence was against him"); *State v. Wilson*, No. 10-1443, 2011 WL 6062042, at *5 (Iowa Ct. App. Dec. 7, 2011) (concluding the defendant could not establish prejudice when counsel failed to object to the same jury instruction "[b]ecause the first subsection of the challenged jury instruction required the jury to find that [the defendant] shot

---

[2] And, in fact, it is not clear how more than one person would have caused Stanley's single gunshot wound.

[the injured party] with a handgun, and the second subsection required that [the defendant] intended to cause serious injury, it follows that where only a single defendant is involved, only that single defendant could have caused the injury sustained by the victim").

Because Miles cannot establish prejudice, we affirm his convictions.

**AFFIRMED.**