# IN THE COURT OF APPEALS OF IOWA

No. 24-0715
Filed August 6, 2025

**JUAN ENRIQUE DELAGARZA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

An applicant seeking postconviction relief appeals the district court's order denying his application. **AFFIRMED.**

Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

The State alleged that Juan Delagarza began showing up at a family-owned restaurant in Des Moines where he directed obsessive and sexually inappropriate conduct toward the owners' thirteen-year-old daughter who worked at the restaurant. Over the course of several months, Delagarza regularly stopped at the restaurant at all hours and left numerous sexually explicit letters for the child stating his desire to have sex with the child. Despite police informing Delagarza that he could not be at the restaurant, he had to stop contacting the child, and the girl was only thirteen, Delagarza continued his actions. As a result, the State charged Delagarza with burglary in the second degree, stalking of a minor child, and four counts of harassment in the first degree. Each charge was alleged to be sexually motivated. *See* Iowa Code § 692A.126 (2019).

Plea negotiations resulted in the State dismissing the burglary charge, and Delagarza entered *Alford* pleas[1] to the remaining five charges. The district court sentenced Delagarza to a combination of concurrent and consecutive sentences that resulted in a prison term not to exceed eleven years.

Delagarza filed an application seeking postconviction relief (PCR) based on claims that his criminal trial counsel provided ineffective assistance. Following a trial, the district court denied his application. The court rejected Delagarza's claims that his counsel was ineffective for failing to (1) properly advise him about his

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a defendant to consent to imposition of criminal penalties even if the defendant is unwilling or unable to admit participation in the acts constituting the crime).

*Alford* pleas; (2) investigate and mount a defense of diminished responsibility; and (3) have a Spanish language interpreter appointed for crucial proceedings.

Delagarza appeals. He raises the same three claims addressed by the district court. As Delagarza's PCR application is based on claims of ineffective assistance of counsel, it is grounded in the Sixth Amendment to the United States Constitution, so our review is de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). To succeed on his claim, he has the burden to establish that his criminal trial counsel (1) breached an essential duty and (2) such breach resulted in prejudice. *See State v. Boothby*, 951 N.W.2d 859, 863 (Iowa 2020).

Following our de novo review of the record, we agree with the district court's conclusions that Delagarza failed to prove his criminal trial counsel breached an essential duty in any of the ways Delagarza claims.[2] We also generally agree with the district court's succinct but thorough and accurate fact-findings leading to those conclusions. Providing additional analysis would amount to little more than us repeating the district court's analysis using different words. Doing so would not augment or clarify existing case law, so we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**

---

[2] Because we conclude that Delagarza's criminal trial counsel did not breach an essential duty in any of the ways he claims, it is unnecessary to address his claim of cumulative prejudice. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012).