# IN THE COURT OF APPEALS OF IOWA

No. 17-0798
Filed October 25, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CRISTINA KAYE BRIONES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

The defendant appeals her conviction following a guilty plea. **AFFIRMED.**

Shawn C. McCullough of The Law Office of Jeffrey L. Powell, P.L.C., Washington, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Cristina Briones appeals her conviction for driving while barred, following a guilty plea. Briones maintains she received ineffective assistance from trial counsel; specifically, she claims counsel was ineffective because allowing her to plead guilty "foreclose[ed] the possibility of challenging the issue of her driving status" on appeal.

We review ineffective-assistance-of-counsel claims de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). "To prove ineffective assistance, the [applicant] must demonstrate by a preponderance of the evidence that '(1) [her] trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010) (citation omitted). Briones's claim fails if either element is lacking. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Although we often preserve claims of ineffective assistance, where, as here, the record is adequate, we choose to decide the issue on direct appeal. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

As we understand Briones's claim, she is ultimately arguing there is no factual basis to support her guilty plea and counsel was ineffective for allowing her to plead guilty without a factual basis. In such a case, prejudice is inherent. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

While Briones makes several statements that she was "unaware of her license status" at the time of the guilty plea, knowledge of her driving status or showing intent to drive while barred are not necessary elements of the crime. *See State v. Williams*, No. 16-0894, 2017 WL 3524729, at *6 (Iowa Ct. App. Aug. 16, 2017) (en banc). Rather, the only two elements of the offense include: (1)

Briones was operating a motor vehicle, and (2) her license was barred. *See id.*; *see also* Iowa Code §§ 321.560, 321.561 (2017). The minutes of evidence establish that Briones was stopped by a police officer while driving a vehicle on January 20, 2017. Additionally, notice from the department of transportation shows that Briones was barred from driving as of November 28, 2016, effective until November 27, 2018. Thus, there is a factual basis to support Briones's guilty plea.

Whether Briones knew she was barred at the time she was stopped or at the time she pled guilty is inapposite; Briones has not established counsel was ineffective for allowing her to enter a guilty plea. We affirm.

**AFFIRMED.**