# IN THE COURT OF APPEALS OF IOWA

No. 17-1026
Filed September 12, 2018

**DAVID EUGENE MADDOX,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.

David Maddox appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

David Maddox appeals from the denial of his application for postconviction relief (PCR) challenging his convictions for kidnapping in the third degree, a class "C" felony, in violation of Iowa Code sections 710.1 and .4 (2009); attempted murder, a class "B" felony, in violation of section 707.11; and first-degree robbery, a class "B" felony, in violation of Iowa Cod sections 711.2 and .2. Maddox asserts his trial counsel rendered ineffective assistance and his appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness on Maddox's first appeal. Because we conclude Maddox has not established trial or appellate counsel rendered ineffective assistance, we affirm.

**I. Background Facts & Proceedings.**

We previously stated the facts of this case on Maddox's first appeal:

> [Maddox], co-defendant Jeremy Gibler, and the victim were riding around together on December 17, 2009, after having spent time together drinking at the home of Gibler's aunt and then going to the home of a person [Maddox] knew. [Maddox] was driving, Gibler was in the back seat, and the victim was in the passenger's seat. At some point, [Maddox] parked the car close to the Missouri River. As [Maddox] got out and walked around the car, Gibler struck the victim in the head from behind. [Maddox] pulled the victim out of the car, then [Maddox] and Gibler pulled the victim through trees and brush, down a slope to the rocks along the river. This area was not visible from the road. Once there, [Maddox] and Gibler beat and kicked the victim. Gibler took what the victim had in his pockets. Then [Maddox] lifted the victim by the neck of his shirt, said he knew the victim was a "snitch" or a "cop" and he was going to put him "in the river where people like [him] go, people that talk to cops," and then threw the victim into the river. When the victim stood up in the waist-deep water, [Maddox] threw a bowling-ball-size rock at him. In deflecting the rock with his hands, the victim ended up about shoulder-deep in the river. He moved with the current to a point where he could get out of the river. The victim walked nearly one and two-thirds miles in sub-freezing temperatures over a period of about forty-five minutes to a gas station, where the attendant called 911. The victim was treated at the hospital and released.

[Maddox] and Gibler were charged in January 2010 with kidnapping in the first degree, attempt to commit murder, and robbery in the first degree. Following a jury trial in April, both were found guilty of all charges. [Maddox]'s motion in arrest of judgment and motion for new trial were denied. In May, the court sentenced [Maddox] to life for the kidnapping conviction and terms of up to twenty-five years each on the robbery and attempted murder convictions.

*State v. Maddox*, No. 10-0831, 2011 WL 2075421, at *1 (Iowa Ct. App. May 25, 2011) (footnote omitted).

On his first appeal, Maddox challenged the sufficiency of the evidence to support his kidnapping conviction and argued trial counsel was ineffective in not moving in arrest of judgment to assert there was no proof of serious injury to establish Maddox committed first-degree kidnapping. *Id.* This court concluded there was sufficient evidence supporting the kidnapping conviction, but the evidence did not support the finding that the injuries inflicted by Maddox created a substantial risk of death. *Id.* at *7. Thus, this court reversed the first-degree kidnapping conviction and remanded for entry of judgment and sentence for kidnapping in the third degree. *Id.* at *8.

Maddox filed a PCR application on November 27, 2012, an amended application on March 16, 2015, and an addendum to the amended application on March 3, 2016. In addition to a number of other claims, Maddox asserted trial counsel rendered ineffective assistance of counsel in failing to adequately advise Maddox of his right to testify at trial, failing to object to and move for mistrial in response to alleged prosecutorial misconduct, and failing to object to bad-acts evidence. He also asserted counsel was ineffective in making an inadequate motion for judgment of acquittal to challenge the first-degree robbery and

attempted-murder charges. Maddox argued the cumulative effect of the errors alleged denied Maddox a fair trial and warranted granting his PCR application. Maddox also contended appellate counsel was ineffective in failing to raise these issues during Maddox's first appeal.

Following a trial held March 7, 2016, the PCR court determined Maddox had failed to establish trial or appellate counsel provided Maddox ineffective assistance. Thus, the court denied Maddox's PCR application. Maddox now appeals.

**II. Standard of Review.**

Generally, we review the court's denial of a PCR application for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Id.* (citation omitted).

**III. Analysis.**

Maddox contends trial counsel rendered ineffective assistance of counsel in a number of respects and appellate counsel was ineffective in failing to raise those issues on Maddox's first appeal. "To prevail on a claim of ineffective assistance of counsel, a claimant must satisfy the *Strickland* [*v. Washington*, 466 U.S. 668, 687 (1984),] test by showing '(1) counsel failed to perform an essential duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (citation omitted). The claimant must make a showing of both elements to establish ineffective assistance of counsel. *Id.*

**(1) Right to Testify.** Maddox first asserts trial counsel provided ineffective assistance in failing to adequately advise Maddox of his right to testify at trial. "A defendant has a constitutional right to testify at a criminal trial[,]" and "[c]ounsel has a duty to advise the defendant about the consequences of testifying so that an informed decision can be made." *Ledezma v. State*, 626 N.W.2d 134, 146-47 (Iowa 2001).

Maddox maintains he informed trial counsel he wished to testify at trial and asserts he was prejudiced because his testimony would have impacted the outcome of the trial. Trial counsel recollected his interactions with Maddox regarding Maddox's lack of testimony at trial:

> Q. Okay. And did Dave Maddox indicate to you that he wanted to testify? A. If he would have, then he would have testified. I don't remember him saying he wanted to testify. I—as I recall, I advised him that I thought it was in his best interest not to testify because I didn't think he was a credible witness.
> . . . But had he told me he wanted to testify, I would have put him on the stand.
> . . . .
> Q. Would you have agreed—you just said that you would have explained to him at that point the benefits of testifying versus the risk that would be involved? A. That's my general practice, and I would— I believe I did in this case as well. And it's also my practice if my client accepts my advice and doesn't testify to say, Fine.
> If they don't choose to accept it and they want to testify after I advise them not to, I'll put them on the stand . . . .

We do not conclude trial counsel failed to perform an essential duty in this respect. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) ("It is presumed the attorney performed his or her duties competently, and the claimant must successfully rebut this presumption by establishing by a preponderance of the evidence that counsel failed to perform an essential duty.").

Even if trial counsel had failed to perform an essential duty, Maddox has not shown he suffered prejudice stemming from his lack of testimony at trial. "A showing that the error 'conceivably could have influenced the outcome' of the proceeding is insufficient. Rather, the effect must be affirmatively demonstrated by showing 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citation omitted). In his deposition, which was admitted into evidence at the PCR trial, Maddox acknowledged he was present at the scene of the crime and that he "punched [Koehrsen] a couple of times in the head." There is nothing in the record beyond Maddox's speculation to show that his testimony would have helped, not hurt, his overall case. We conclude Maddox has not established his ineffective-assistance-of-counsel claim respecting his lack of testimony at trial.

As for Maddox's assertion that a colloquy should have been required between the trial court and Maddox regarding his decision not to testify,[1] error has not been preserved because this issue was not raised before the PCR court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Even if preserved, our supreme court has

> refused to impose a requirement that the court personally address a defendant to ensure a valid waiver of the right to testify because we considered the decision whether to testify to be one of trial strategy, a matter in which the trial court should not be involved, and one "better left to the criminal defendant and his or her counsel."

---

[1] Although there is no requirement a record be made of waiver of the right to testify, we recognize counsel and trial judges often do make such a record. We recognize there may be benefits to such a practice.

*State v. Reynolds*, 670 N.W.2d 405, 412 (Iowa 2003) (citation omitted). We leave the task of overruling precedent to our supreme court. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

**(2) Prosecutorial Misconduct.** Maddox also argues trial counsel provided ineffective assistance in failing to object to and move for mistrial based on prosecutorial misconduct occurring during closing argument. Maddox contends two statements by the prosecutor during closing argument constituted prosecutorial misconduct: (1) that "[t]here was no testimony that they came to try to save him"; and (2) that Maddox had lost his presumption of innocence.

Maddox contends trial counsel should have objected to the first statement because it constituted an improper comment on Maddox's right to remain silent. On this issue, the PCR court held:

> [T]he State sets forth that the court will not find that the prosecutor manifestly intended to comment on a defendant's right to remain silent when an equally plausible explanation exists for his or her statement. "A prosecutor's statements are not viewed in isolation, but in the context they were made." *Van Hoff v. State*, 447 N.W.2d 665, 675 (Iowa Ct. App. 1989). The State then sets forth that the context of the prosecutor's statement did not refer to Maddox's silence but rather to Koehrsen's testimony that the defendants left him for dead. The statement was not of such a nature that a jury would naturally and necessarily interpret the statement to be a reference to the defendant's silence. The court agrees with the State that this statement was not improper and that Maddox has failed to show that his counsel was ineffective for not seeking a mistrial in response to said statement . . . .

We agree with the reasoning of the PCR court. The prosecutor's statements were a proper comment on Maddox's actions on the night in question as testified by Koehrsen. Any connection to Maddox's failure to testify is remote.

We do not find the statement by the prosecutor "prejudiced, inflamed or misled the jurors so as to prompt them to convict the defendant for reasons other than the evidence introduced at trial and the law as contained in the court's instructions."[2] *State v. Graves*, 668 N.W.2d 860, 877 (Iowa 2003).

As to the statement that Maddox had lost his presumption of innocence, the record reflects trial counsel requested a sidebar with the court before the prosecutor completed the sentence and the prosecutor did not complete the statement after the sidebar was completed. We also note Jury Instruction 3 informed the jury:

> The defendants are presumed innocent and not guilty. This presumption of innocence requires you to put aside all suspicion which might arise from the arrest, charge, or the present situation of the defendants. The presumption of innocence remains with the defendants throughout the trial unless the evidence establishes guilty beyond a reasonable doubt.

Upon consideration of the sidebar request stopping the prosecutor from completing the statement and the remedial effect of Instruction 3, we cannot conclude the statement prejudiced, inflamed, or misled the jury resulting in an unfair trial.[3]

Because we conclude neither statement by the prosecutor constituted prosecutorial misconduct impacting Maddox's right to a fair trial, we find trial counsel and appellate counsel did not render ineffective assistance in failing to raise these issues at trial and on appeal.

---

[2] As an aside, Maddox testified in the PCR deposition that he did not provide aid to Koehrsen. So, the jury was not misled of facts Maddox believed to exist.

[3] We are unable to speculate what the prosecutor might have said before being interrupted. For example, no one would dispute that it would have been improper for the prosecutor to say, Maddox lost his presumption of innocence because he did not testify. On the other hand, the prosecutor could have properly argued Maddox lost his presumption of innocence or the presumption has been overcome because the evidence establishes his guilt beyond a reasonable doubt.

**(3) Bad Acts Evidence.** Maddox also asserts trial counsel should have objected to evidence suggesting Maddox had committed other bad acts. This assertion includes trial counsel's failure to object to two statements made during the trial. First, Maddox asserts trial counsel should have objected to a comment by Koehrsen that Maddox would be "in town, in jail, or out of jail." Maddox also asserts trial counsel should have objected to statements connecting Maddox to an individual named Tye Root.

As to the statement regarding Maddox being in and out of jail, trial counsel testified in his deposition submitted as evidence in the PCR trial that it was his strategic decision not to object to this statement because he did not want to emphasize the evidence with the jury. On this issue the PCR court held, "Although this court is concerned that the jury did hear testimony of Maddox being in jail, at this time the court cannot find that Maddox has shown that the result of the trial would have been different without this short statement." We agree. This strategic decision does not constitute a failure to perform an essential duty. This may have been good trial strategy, but even if not, "[m]iscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Ledezma*, 626 N.W.2d at 143. The strategy was not so unreasonable that counsel was ineffective. Furthermore, this single statement—considered in light of the entire trial and the evidence submitted—has not been shown to have prejudiced Maddox as required to establish ineffective assistance of counsel.

We also do not find trial or appellate counsel rendered ineffective assistance in failing to challenge the evidence involving Root. In its ruling, the PCR court determined:

The evidence concerning Root was offered to show a possible motive for the attack. Earlier [on the night of the assault], Maddox had asked Koehrsen about working as an informant and made comments about informants deserving to get thrown in the river. [Trial counsel] testified that he did not see the Root case as particularly strong evidence of motive in this matter. Also, both Madddox and Gibler's attorneys used Koehrsen's work as an informant to challenge his credibility. The court does not find that Maddox was denied a fair trial or suffered prejudice based on his attorney failing to file a motion in limine in regards to Tye Root.

Bad acts evidence may be admissible for the purpose of proving motive. Iowa R. Evid. 5.404(b)(2). Here, the evidence pertaining to Root was admitted to show the possible motive for Maddox and Gibler's attack on Koehrsen, that is, Koehrsen's work as a confidential informant and testimony in an upcoming case against Root. At trial, Koehrsen testified,

> [Maddox] picked me up and tells me—says he knows I been—I'm a snitch, I'm a cop, and he is going to put me where I belong, which is in the river where people like me go, people that talk to cops. And he flung me down into the river.

Koehrsen was working as a confidential informant and intended to provide testimony in an upcoming case against Root. Thus, evidence involving Root was related to the motive in this case and did not unfairly prejudice Maddox. Consequently, Maddox has not established trial or appellate counsel rendered ineffective assistance in failing to challenge this evidence at trial or on appeal.

**(4) Motion for Judgment of Acquittal.** Maddox also contends trial counsel provided ineffective assistance in failing to make an adequate motion for judgment of acquittal as to the charges for robbery in the first degree and attempted murder.

Maddox points to his first appeal of this matter, arguing this court's reversal of his conviction for kidnapping in the first degree based on trial counsel's failure to challenge insufficient evidence to establish Koehrsen sustained a serious injury

as required to support a conviction for first-degree kidnapping. Based upon consideration of Koehrsen's testimony and evidence of his injuries, this court determined the State did not show Koehrsen sustained a serious injury. *Maddox*, 2011 WL 2075421, at *7 (citing Iowa Code § 702.18). Accordingly, we reversed the first-degree kidnapping conviction and instead entered a conviction for kidnapping in the third degree.

Maddox argues this court's determination that Maddox be convicted of third-degree kidnapping instead of second-degree kidnapping showed this court "had reviewed the record and . . . could not find proof of a specific intent to inflict a serious injury upon Koehrsen or to find that either of the defendants was armed with a dangerous weapon." Thus, Maddox asserts trial and appellate counsel rendered ineffective assistance in failing to challenge the evidence supporting these elements of the first-degree robbery and attempted murder charges.

"A person commits robbery in the first degree when, while perpetrating a robbery, the person purposefully inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." Iowa Code § 711.2.

> A person commits the offense of attempt to commit murder when, with the intent to cause the death of another person . . . the person does any act by which the person expects to set in motion a force or chain of events which will cause or result in the death of another person.

*Id.* § 707.11(1).

Despite this court's previous finding Koehrsen did not sustain a serious injury, there is sufficient evidence in the record to show Maddox acted with intent to cause serious injury or death. Koehrsen testified at trial that Maddox threw him in freezing cold water and threw bowling-ball sized rocks toward his head.

Koehrsen stated he swam away from Maddox and Gibler because he feared he would drown if hit by a rock and knocked unconscious. Further, Dr. Bradley Hess testified that a thrown rock could cause death if it struck the head in the proper location. Based on this evidence, we cannot find a different outcome was likely if trial or appellate counsel had challenged the sufficiency of the evidence respecting these elements of the first-degree-robbery and attempted-murder convictions. We therefore find trial and appellate counsel did not provide ineffective assistance in that respect.

**(5) Structural Error.** Last, Maddox maintains trial counsel's errors constituted structural error. However, before the PCR court Maddox argued only that trial counsel's errors were cumulatively prejudicial and did not raise the issue of structural error. These concepts are clearly defined in our case law.

> Structural errors are not merely errors in a legal proceeding, but errors "affecting the framework within which the trial proceeds." We have recognized structural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (citations omitted).

But when a claimant has raised more than one ineffective-assistance-of-counsel claim, "the cumulative prejudice from those individual claims should be properly assessed under the prejudice prong" of the ineffective-assistance-of-counsel test. *Clay*, 824 N.W.2d at 501. It is a different claim to assert the cumulative effect of the alleged instances of ineffective assistance of counsel resulted in prejudice than to contend structural error occurred in the proceeding.

Maddox did not raise the issue of structural error below, and we therefore will not address the claim on appeal.  *See Lee v. State*, 844 N.W.2d 668, 676-77 (Iowa 2014) ("As a general proposition, 'issues must be raised in the district court before we may review them on appeal.'" (citation omitted)).  Even if we could conclude Maddox asserted a structural-error claim below, we do not find any such error occurred in these proceedings.

**IV. Conclusion.**

Because we conclude Maddox has not established trial or appellate counsel rendered ineffective assistance, we affirm.

**AFFIRMED.**