# IN THE COURT OF APPEALS OF IOWA

No. 20-0732
Filed May 26, 2021

**KELVIN LEE PLAIN JR.,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

The applicant appeals the denial of his postconviction relief.  **AFFIRMED.**

Roger L. Sutton of Prichard Law Office, PC, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Schumacher, P.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BLANE, Senior Judge.**

Kelvin Plain Jr. appeals the denial of his application for postconviction relief (PCR) following *Alford*[1] guilty pleas to possession of a controlled substance and eluding. He contends trial counsel was ineffective in being unprepared for trial and threatening to withdraw if Plain did not plead guilty. Next, he argues he was coerced into pleading guilty when he did not want to. And, finally, he argues counsel caused him to lose time served on prior criminal cases when she had the parole revocation hearing continued until after he plead guilty to the current charges. We affirm.

## I. FACTS AND PRIOR PROCEEDINGS

In fall 2018, Plain made *Alford* guilty pleas to possession of a controlled substance third or subsequent offense, in violation of Iowa Code section 124.401(5) (2018), and eluding while exceeding the speed limit by twenty-five miles per hour or more, in violation of Iowa Code section 321.279(2). He was sentenced to a prison term not to exceed five years on the possession charge and one year for eluding, run concurrently. He did not appeal his convictions. But less than a month after those pleas, he filed a *pro se* petition for PCR.

In an amended petition with assistance of PCR counsel, Plain raised the following issues:

> 1. [Plain] did not want to plead to the eluding charge and counsel stated that she was not ready for trial and claimed that if she was made to go to trial she would withdraw as counsel whereupon defendant pled guilty to the charge. He claims that the eluding case was defensible as counsel had done investigation on probable cause and reason to stop issues.

---

[1] An *Alford* plea allows a defendant to enter a plea without an admission of guilt. *See North Carolina v. Alford*, 400 U.S. 25, 39 (1970).

2. [Plain] had been sitting in the jail on parole revocation charges in [the two prior felony cases] and counsel did not have a parole revocation hearing before disposition of the criminal cases. [Plain] claims that event caused him to have more time to serve or not receiving credit for time served.

3. [Plain] claims there was no factual basis for the possession of a controlled substance third offense case as there were four people in the vehicle and only two were charged. He denies that the state could prove beyond a reasonable doubt that he knowingly and intentionally possessed a controlled substance and exercised dominion or control over it.

The court held a hearing on the application. Plain and Donna Smith, Plain's criminal trial counsel, testified.

As to the first allegation, the court concluded, "There is no evidence that Smith failed to perform an essential duty, in fact it appears that Smith was prepared and ready to take the case to trial and at no time threatened to withdraw." On the parole revocation claim, the court found, "Smith acted reasonably and advised her client accordingly." And on the final claim, the court again found Plain did not "prove that Smith failed to perform an essential duty." On each point, the court gave more weight and credit to Smith's testimony, especially as it relates to Plain's claims Smith threatened to withdraw and he did not want to plead guilty. The court pointed out "the inconsistency and lack of evidence in [Plain's] testimony." In contrast, "Smith provided a detailed explanation of the timelines of events and her strategy for Plain's case" and also "an examination of the facts available to the State at the time [of] trial that would allow the State to meet its burden under the elements of the crime charged." Because the court found Smith did not breach any duty, it did not address whether Plain was prejudiced and denied the application for PCR. Plain appeals.

## II.  SCOPE AND STANDARD OF REVIEW

"We typically review postconviction relief proceedings on error."  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  But we review constitutional issues, such as ineffective assistance of counsel, de novo.  *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).  To succeed in a claim of ineffective assistance of counsel, the applicant must show by a preponderance of the evidence that "(1) trial counsel failed to perform an essential duty and (2) this failure resulted in prejudice."  *Id.* at 730.  We measure trial counsel's performance by that of "a reasonably competent practitioner."  *Id.* at 731 (citation omitted).  "We presume counsel acted competently, but that presumption is overcome if we determine the claimant has proved by a preponderance of the evidence that counsel failed to perform an essential duty."  *Id.*  "We assess counsel's performance objectively by determining whether it was reasonable, under prevailing professional norms, considering all the circumstances."  *Id.* (cleaned up).

Under the prejudice prong, Plain must show that "but for [Smith's] ineffective assistance, he . . . would not have pleaded guilty and would have insisted on going to trial."  *Morales Diaz v. State*, 896 N.W.2d 723, 728 (Iowa 2017) (cleaned up).  If the proof is inadequate on either prong, the claim fails.  *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015).  "[W]e give weight to the lower court's findings concerning witness credibility."  *Ledezma*, 626 N.W.2d at 141.

### III. ANALYSIS

We pause to clarify the issues on appeal. We note the headings on Plain's appeal issues do not match the substance of the arguments. We address the claims preserved and argued, not the headings.

### A. Threat to Withdraw

Plain first contends he was given ineffective assistance of counsel because Smith threatened to withdraw if he did not accept the plea deal. At the PCR hearing, Plain testified Smith "wasn't ready" for trial. He testified she said, "Like if you force me to go to trial, I will withdraw from the case because I am not ready to go." He also testified she said he "was going to be without a lawyer, and this was the day before the trial was going to start that Tuesday." This was the only evidence Plain offered of his version of the events. On cross-examination, he admitted he requested Smith be appointed to represent him because he was familiar with her through other proceedings. He also agreed he filed many letters with the court during the period he was in jail awaiting trial on these charges. While he raised a plethora of complaints about the process, he never complained about or criticized Smith's performance. And in his statement of allocution, he thanked Smith for her representation.

Smith testified that the alleged threat to withdraw did not happen. She first clarified that the plea was not entered on the day before trial. The plea occurred on Monday, October 22, and the trial was not set until October 30, eight days later. The record confirms those dates. She said she was prepared to go to trial, but wanted to complete one deposition—Plain's fiancée. She also said that Plain came up with the plea terms, she offered them to the county attorney, and the

county attorney accepted. She said she discussed the merits of the case with Plain extensively, including going over all the filings, the videos, and other evidence. They discussed the options available, including going to trial, where Smith thought the eluding case was "triable." Plain discussed the options with his fiancée and wanted to proceed with the plea. During the plea colloquy, Plain never expressed hesitation at taking the plea or dissatisfaction with Smith's performance. The court, crediting Smith's testimony, found she did not breach a duty.

Plain complains that the court reached its conclusion based on Smith's testimony only and did not consider Plain's. And while the court did not make explicit findings that Smith was more credible, that is the upshot of the court's ruling.[2] The court found Plain was unable to prove his claims "due to the inconsistency and lack of evidence in his testimony." Further, "we give weight to the lower court's findings concerning witness credibility." *Ledezma*, 626 N.W.2d at 141. This is "due to [the court's] opportunity to assess" the witnesses firsthand. *In re Pardee*, 872 N.W.2d 384, 390 (Iowa 2015). "[B]ut we are not bound by those findings." *Id*. Plain also complains "[t]here was no evidence that . . . Smith was competent." But it is fundamental in ineffective-assistance-of-counsel claims that counsel is presumptively competent, and it is the applicant's burden to show she was not. *See Thorndike*, 860 N.W.2d at 320; *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[A] court must indulge a strong presumption that

---

[2] During the PCR hearing, Plain admitted to at least five prior felony convictions, one of which was for perjury. See Iowa R. Evid. 5.609 (felony convictions are admissible on issue of witness credibility).

counsel's conduct falls within the wide range of reasonable professional assistance.").

On our review of the transcript and record, we agree with the PCR court that Smith offered extensive detail and explanation of the work she performed for Plain and credibly testified the alleged conversation and threat to withdraw did not happen. In contrast, Plain was evasive in his testimony and could not recall much detail about his claims. His only evidence of the alleged conversation was his testimony. All the representations he made to the court during his plea colloquy were that he was happy with Smith's representation. It also appears from the investigation Smith completed that she was prepared to take the eluding case to trial but that Plain insisted on making the plea. The PCR court found Plain failed to demonstrate Smith performed inadequately in the lead-up to the plea hearing, and relying on both the court's credibility determinations and our independent review of the record, we agree. Plain has not shown Smith made the alleged threat so as to have breached a duty.

### B. Voluntariness of Plea

The gist of Plain's second contention is that he did not want to plead guilty and Smith was ineffective by forcing him to do so. He complains again that the court accepted Smith's testimony over his on this subject. A plea is valid only if it is given "voluntarily, knowingly, and intelligently." *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). Plain admits he proposed the plea agreement but insisted he wanted to have a trial and "was convinced by his attorney to go forward with his plea." He claims, "At the time, Plain felt he had no choice but a plea . . . ."

Plain's representations on appeal contradict Smith's credible evidence at the hearing that she was ready to take the case to trial, but he preferred to take the plea deal. They also contradict the statements in his written and on-the-record *Alford* guilty pleas that he was making his plea voluntarily. At the hearing, he testified, "I felt threatened. . . . A lot of people plead guilty when they know they didn't—I didn't do it." But the overall record, especially the plea transcript, supports the conclusion Plain pleaded guilty voluntarily. Plain told the plea court he was not being threatened, forced, or pressured to plead guilty. He also said he was happy with Smith's representation. Except for the alleged withdrawal threat, Plain does not explain how he was threatened other than by the circumstances of facing the charges and choosing a course of action with which he is now unhappy. Smith testified Plain received a favorable agreement, based on his own proposal, and he chose to accept it after a discussion with his fiancé. Smith testified,

> [H]e basically said I want—me and my family, including [my fiancée], we want to get this over with and move on. And I—he was telling me he was expecting a very short stay in prison, that he could be back in the community before we could get to trial he even said.

We conclude Plain made his plea voluntarily and Smith did not breach a duty.

## C. Parole Revocation Hearing

Plain's next contention is that by pleading guilty, he lost "credit for time served since he remained incarcerated waiting for disposition" on his pending criminal cases. He faults Smith for this oversight. But Smith explained that the prosecutor told her Plain's parole would be revoked on the prior cases due to a positive drug test and reports that Plain was hanging out with gang members in violation of his parole terms. So the guilty plea had no bearing on the decision to

revoke parole on the prior cases. Smith also testified Plain wanted to delay the parole revocation hearing until these charges were resolved. We find Smith acted reasonably under the circumstances, so Plain has not shown she breached a duty.

## IV. CONCLUSION

We find Plain has not carried his burden to show Smith threatened to withdraw, forced him to enter the guilty pleas, or caused him to lose time served on his parole revocation and thus failed to prove she breached any essential duty. We need not address the prejudice prong of the ineffective-assistance-of-counsel test.[3] Therefore, we affirm the denial of postconviction relief.

**AFFIRMED.**

---

[3] Plain's brief is full of other comments and complaints, some of which are too incoherent to understand. Others are plainly not preserved. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). All are too underdeveloped to address. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) ("[Litigant's] random mention of this issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration.").